IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00059 |
| | ) | |
| WASHINGTON AREA COUNCIL OF | ) | By: Elizabeth K. Dillon |
| ENGINEERING LABORATORIES, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Defendant Washington Area Council of Engineering Laboratories (WACEL) moves to dismiss *pro se* plaintiff Jeffrey William Bailey's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. Nos. 21, 22.) The court referred the motion to Magistrate Judge Joel C. Hoppe, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 12.) On April 28, 2015, he filed a report and recommendation on the motion. (Dkt. No. 32.) He recommends that the court grant the motion and dismiss Bailey's federal claims with prejudice and his state claims without prejudice. (*Id.* at 15–16.) Bailey objects to the report and moves for leave to file a second amended complaint. (Dkt. Nos. 35, 36.)

For the following reasons, the court will overrule Bailey's objections, adopt the report, grant WACEL's motion to dismiss, dismiss his federal claims with prejudice and his state claims without prejudice, grant his motion for leave to amend, and give him 21 days to file a second amended complaint.

## I. BACKGROUND

WACEL is a private organization that certifies and accredits engineers and engineering firms.[1] In May 2014, a WACEL employee performed an audit of Engineering Consulting Services (ECS) in Winchester, Virginia, where Bailey was employed as an engineer. During the audit, the employee found calibration numbers that appeared to be identical to those reported the previous year, which suggested fraud. It was later discovered, however, that a clerical error was to blame for the matching numbers. Bailey was responsible for maintaining the calibration records.

WACEL suspended ECS's accreditations and Bailey's certifications for falsifying records. In a letter dated August 6, 2014, WACEL's executive director explained to Bailey that the board of directors had voted to suspend his certifications for five years, but that he could appeal its decision. Bailey did not pursue an appeal within the three weeks allowed under WACEL's guidelines.

Without his certifications, Bailey was unable to do many of the tasks at ECS that he did before the suspension. As a result, his hours were cut, which in turn led to a reduction in his income.

In an attempt to recover these and other losses, Bailey filed this action against WACEL and its "Board of Directors and Employees." (Dkt. No. 8 at 1.) WACEL moved to dismiss his complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. Nos. 7, 8.)[2] While the motion was pending, Bailey moved for leave to file an amended complaint. (Dkt. No. 13.) The

---

[1] The court recites only those facts relevant to Bailey's objections to the magistrate judge's report and his motion for leave to amend. For a complete account, see the report, Dkt. No. 32 at 1–4.

[2] This motion is still pending. The magistrate judge recommends that the court dismiss it as moot because Bailey filed an amended complaint. (Dkt. No. 32 at 2 n.1.) The court will adopt this recommendation.

2

magistrate judge granted the motion, and WACEL now moves to dismiss Bailey's amended complaint under Rules 12(b)(1) and (b)(6). (Dkt. Nos. 21 and 22.)

The thrust of Bailey's amended complaint is that WACEL failed to follow its own guidelines when it audited ECS, investigated the calibration records, and suspended his certifications. (Dkt. No. 20 at 2–5.) Bailey also complains that WACEL, or at least the employee who performed the audit, acted in retaliation for comments Bailey's wife made to WACEL about the employee's lack of professionalism during a training class several years earlier. (*Id.* at 3–4.)

Reading Bailey's amended complaint "broadly," the magistrate judge finds that it "potentially states three causes of action 'arising under' federal law: [1] violation of Bailey's constitutional due process rights, [2] retaliation for Bailey's wife's speech in violation of the First Amendment, and [3] violation of a federal common law right to due process and fair procedure." (Dkt. No. 32 at 7.) As to the first two claims, the magistrate judge first determines that they arise under the Constitution and thus may be cognizable under 42 U.S.C. § 1983. He goes on to conclude, however, that they fail because Bailey does not allege that WACEL is a state actor for § 1983 purposes. (*Id.* at 8.)[3]

With respect to the third claim, the magistrate judge first discusses cases from other jurisdictions in which courts have applied federal-common-law due-process principles to decisions by agencies that accredit institutions of higher education. (*Id.* at 8–12.) The magistrate judge finds no justification for extending this law to WACEL because it "does not serve a federal function or manifest the same quasi-public nature as a higher education accrediting agency." (*Id.* at 12 (internal quotation marks, brackets, and citations omitted).) Accordingly, he concludes that

---

[3] At oral argument, Bailey admitted that WACEL is a private organization. (Dkt. No. 32 at 8.)

"Bailey does not state a plausible due process or fair procedure claim derived from and arising under federal law." (*Id.*)

The magistrate judge then turns to Bailey's state claims, considering first the basis for the court's subject-matter jurisdiction over them. In support of diversity jurisdiction, the amended complaint provides Bailey's and WACEL's mailing addresses (Stephens City, Virginia, and Bethesda, Maryland, respectively) and alleges that Bailey "seeks in excess of [$]75,000 in damages and Defendant(s) are located in another state." (Dkt. No. 20 at 1.) At oral argument, Bailey clarified that he brings suit against only WACEL and not against any of its directors or employees,[4] and WACEL conceded that its principal place of business is in Maryland. (Dkt. No. 32 at 14.) Nevertheless, the magistrate judge concludes that Bailey's allegations are insufficient to establish diversity jurisdiction between the parties because they do not show where WACEL is incorporated. (*Id.*)[5]

Based on these conclusions on the sufficiency of Bailey's allegations, the magistrate judge recommends that the court grant WACEL's motion to dismiss, and dismiss Bailey's federal claims with prejudice under Rule 12(b)(6) and his state claims without prejudice under Rule 12(b)(1). (*Id.* at 13–15.)[6]

Bailey objects to the magistrate judge's report. (Dkt. No. 35). He also moves for leave to file a second amended complaint. (Dkt. No. 36.) WACEL opposes the objections and the motion. (Dkt. Nos. 37 and 40.)

---

[4] In support of its motion to dismiss, WACEL produced a document showing the names and addresses of its current directors. (Dkt. No. 28-1.) Five out of nine of them live in Virginia. (*Id.*)

[5] In light of this conclusion, the magistrate judge does not reach the merits of Bailey's state-law claims. (Dkt. No. at 13.)

[6] The magistrate judge also recommends that the court decline to exercise supplemental jurisdiction because "Bailey's only remaining claims are premised on state law, and his case is in the early stages." (Dkt. No. 32 at 15.)

4

II. DISCUSSION

**A. Bailey's objections to the magistrate judge's report.**

*1. Standard of Review*

Federal Rule of Civil Procedure 72(b) allows a party to serve and file written objections to a magistrate judge's proposed findings and recommendations within 14 days of being served with a copy of the report. *Accord* 28 U.S.C. § 636(b)(1). But not any objection will do. To merit review, an objection must be stated "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). As the Fourth Circuit has explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.*

A district court must determine *de novo* any portion of the magistrate judge's report to which a proper objection has been made. It "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." *Moon v. BWX Tech. Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012). And "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of

5

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

   2. *The magistrate judge's report contains no clear error.*

In his objections, Bailey does specify any particular finding or recommendation of the magistrate judge that is wrong. (*See* Dkt. No. 35 at 1–5.) Instead, Bailey first reiterates that he is suing only WACEL and that his "listing of the board of directors and employees was added as reference fact to ensure that the entire corporation was included." (*Id.* at 1.) He then cites various cases discussing the standard applied in reviewing the sufficiency of a complaint's allegations and notes that, despite being granted additional time to secure counsel, he has been unable to do so because of financial constraints. (*Id.* at 2.) Next, he quotes several paragraphs from a document on breaches of fiduciary duties and alleges that WACEL's board of directors committed such breaches here "by allowing and condoning actions under taken that were in direct violation of their own written guidelines, procedures and by-laws." (*Id.* at 3–4.) Finally, he "asks the court system to deny recommended dismissal in both areas of [the magistrate judge's] report as it is abundantly clear that counsel for the defendant(s) has failed to provide evidence that would in a fair system, indicate [he] is undeniably without merit in presenting his case for resolve to this court system." (*Id.* at 4.)

WACEL responds that these objections fail to comply with Rule 72(b), and are therefore waived, because they do not point to any specific finding or recommendation of the magistrate judge that is wrong. (Dkt. No. 37 at 1–2.) Consequently, WACEL urges the court to adopt the magistrate judge's report.

The court agrees with WACEL that Bailey's objections are insufficient under Rule 72(b). Bailey fails to put his finger on any particular error that the magistrate judge makes in his report.

6

Rather, Bailey devotes his objections to repeating arguments that he made before the magistrate judge, lamenting his lack of representation, and making new allegations against WACEL. Bailey's objections to the report are thus deemed waived.

Because Bailey has failed to make sufficient objections to the magistrate judge's report, the court need not conduct a *de novo* review in order to accept his recommendations. *Diamond*, 416 F.3d at 315. Instead, the court need only be satisfied that there is no clear error on the face of the record. *Id.* The court has conducted this review here and is satisfied that the magistrate judge's report contains no clear error. It will thus adopt the magistrate judge's recommendations.

**B. Bailey's motion for leave to file a second amended complaint.**

*1. Standard of Review*

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. Fed. R. Civ. P. 15(a)(2). But Rule 15(a)(2) directs that "the court should freely give leave when justice so requires." This liberal standard, the Fourth Circuit has explained, "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Accordingly, the Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.*

7

2. *The ends of justice require giving Bailey leave to file a second amended complaint.*

In support of this motion for leave to file a second amended complaint, Bailey contends that, after receiving the magistrate judge's report, he "conducted research and has been able to draft a more acceptable complaint." (Dkt. 36 at 1.) He further argues that "allowing [him] to amend his complaint should allow the case to be heard on its merits rather than [be] dismissed due to [his] lack of legal experience." (*Id.*)

Along with his motion, Bailey filed a proposed second amended complaint. It keeps all of the allegations from his first amended complaint and adds a few new ones, including the place of WACEL's incorporation. (Dkt. No. 36-1 at 1.) It also adds a new claim for breaches of fiduciary duties by WACEL's board of directors, quoting again several paragraphs from a document on such breaches. (*Id.* at 4–7.)

WACEL urges the court to deny Bailey's motion. (Dkt. No. 40 at 3.) It contends that granting Bailey leave to amend would be futile because the proposed second amended complaint fails to cure one of the jurisdictional defects noted in the magistrate judge's report—the naming of WACEL's "Board of Directors and Employees" as defendants in the caption. (*Id.* at 2.) WACEL further argues that granting Bailey leave to amend would be futile because the proposed second amended complaint fails to allege a viable claim against WACEL for breaches of fiduciary duties. (*Id.*)

The court finds that the ends of justice require giving Bailey—who is proceeding *pro se*—leave to file a second amended complaint. While his proposed second amended complaint names WACEL's board of directors and employees as defendants in the caption, Bailey made clear at oral argument (and does so again in his objections) that he is suing only WACEL. Based on this representation, the court believes that the inclusion of the board of directors and

8

employees in the caption of the proposed second amendment complaint was an oversight. Without the board of directors and employees as defendants, it is plain that the court would have subject-matter jurisdiction over Bailey's state claims because there is complete diversity between Bailey and WACEL, and because the amount in controversy exceeds $75,000.

With respect to the viability of Bailey's claim for breaches of fiduciary duties, the court thinks that it is premature to decide that issue now. WACEL will have an opportunity to challenge the plausibility of that claim and Bailey's state claims when it responds to his second amended complaint.

Accordingly, the court will grant Bailey's motion. Because the proposed second amended complaint names as defendants WACEL's board of directors and employees in the caption, however, the court will not direct that the complaint be filed. Rather, the court will give Bailey 21 days to file a revised version deleting as named defendants the board of directors and employees.

### III. CONCLUSION

For the following reasons, the court will overrule Bailey's objections, adopt the report, dismiss WACEL's first motion to dismiss as moot, grant WACEL's second motion to dismiss, dismiss Bailey's federal claims with prejudice and his state claims without prejudice, grant his motion for leave to amend, and give him 21 days to file a revised version of his proposed second amended complaint.

An appropriate order will follow.

Entered: September 21, 2015.

*Elizabeth K. Dillon*
United States District Judge