IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00059 |
| | ) | |
| WASHINGTON AREA COUNCIL OF | ) | By: Elizabeth K. Dillon |
| ENGINEERING LABORATORIES, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jeffrey William Bailey, proceeding *pro se*, filed this action against the Washington Area Council of Engineering Laboratories (WACEL), a private association of engineering laboratories, inspection agencies, and public building officials that provides certification and accreditation for engineers and engineering firms in the greater Washington, D.C., area. (Pl.'s Am. Compl., Dkt. No. 45, at 9; Compl. Ex. 4, Dkt. No. 2-4, at 2.) Bailey's third amended complaint[1] asserts claims titled as breach of fiduciary duty and defamation claims, arising from WACEL's decision to terminate his professional certifications. The third amended complaint also includes language related to federal claims previously dismissed by this court. (*See* Order, Dkt. No. 44, at ¶ 5 (dismissing Bailey's federal claims).)

Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Joel C. Hoppe for a recommended disposition of WACEL's motion to dismiss Bailey's third amended complaint. (Dkt. Nos. 47, 45.) WACEL argued that because Bailey's

---

[1] After filing his first amended complaint (Dkt. No. 20), Bailey filed a motion for leave to amend, (Dkt. No. 36), submitting with it a proposed second amended complaint. That motion was granted (*see* Dkt. No. 44), but the complaint filed—the one at issue here (Dkt. No. 45)—included allegations not included in his proposed second amended complaint. Consistent with the language used by the parties, the court will refer to Docket Number 20 as Bailey's first amended complaint and Docket Number 45 as Bailey's third amended complaint.

1

third amended complaint went beyond the scope of this court's September 21, 2015 order granting him leave to amend (which WACEL claimed only allowed Bailey to delete certain defendants), was filed two days after the deadline, and had other procedural flaws,[2] the court should dismiss it. WACEL also argued that Bailey's federal claims had been dismissed with prejudice, and that he failed to state plausible claims for breach of fiduciary duty or defamation. (Def.'s Mem. Supp. Def.'s Mot. to Dismiss, Dkt. No. 48.) Neither party requested a hearing, and after considering the briefs, the magistrate judge filed a report and recommendation on July 28, 2016, recommending that the motion be granted in part and denied in part. (Report, Dkt. No. 58.)

The report first rejected WACEL's argument that Bailey's claims should be dismissed on procedural grounds. The magistrate judge determined that Bailey substantially complied with the September 21 order, which was not limited as WACEL suggested, and that the late filing and procedural defects had little practical significance and caused no prejudice to WACEL. Nevertheless, the report recommended that, to the extent Bailey's third amended complaint attempted to reassert federal claims dismissed with prejudice, those claims should be struck pursuant to Federal Rule of Civil Procedure 12(f). The magistrate judge further determined that because WACEL's allegedly defamatory statements were not sufficiently alleged, and because Bailey failed to allege publication or the requisite intent, Bailey's defamation claim should be dismissed pursuant to Rule 12(b)(6).

However, interpreting WACEL's first claim as one for denial of a common law right to fair procedure, the magistrate judge recommended that it should be allowed to proceed. Noting that there was some question as to the applicable law, the magistrate judge determined that the

---

[2] Bailey failed to separate claims into numbered paragraphs each limited to a single set of circumstances, as required by Federal Rule of Civil Procedure 10(b), and to attach documents referenced in the complaint.

alleged lack of notice and procedure WACEL afforded Bailey before terminating his certifications plausibly gave rise to a denial of fair procedure claim under both Maryland and Virginia common law.

WACEL objected to the report's disposition of Bailey's fair procedure claim. (Def.'s Objs., Dkt. No. 60.) The court has reviewed the report and WACEL's objections. For the reasons set forth herein, the court will adopt the report in full, and will grant in part and deny in part WACEL's motion to dismiss. Specifically the court will dismiss Bailey's defamation claim, strike any previously dismissed federal claims, and allow Bailey's denial of fair procedure claim to move forward.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Dkt. No. 58, at 1–5.) Because the court is ruling on a motion to dismiss, it accepts as true the well-pleaded facts set forth in the third amended complaint, *e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and the documents previously filed with the court and incorporated into Bailey's third amended complaint. (*See* Dkt. No. 45, at 9.) Because Bailey is proceeding *pro se*, the court will also consider any factual allegations raised in Bailey's opposition brief (Dkt. No. 53). *See, e.g., Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010).

## II. DISCUSSION

### A. Standard of Review

Under Rule 72(b)(2), a party may object to a magistrate judge's recommended disposition of a case within fourteen days of receiving the proposed findings and recommendations. *Accord* 28 U.S.C. § 636(b)(1)(C). The court must review de novo any part

3

of the recommendation to which a party has properly objected, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C); *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Any part of the report to which a party has not objected is reviewed only for "clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Defamation and Federal Claims

Bailey has not objected to the recommended disposition of his defamation claim and federal claims. Finding no clear error in the magistrate judge's analysis, the court concludes that the report should be adopted and WACEL's motion to dismiss granted with respect to those claims.

### C. Denial of Fair Procedure

Because WACEL has objected the report's recommendations regarding Bailey's fair procedure claim, the court will review that claim de novo.

#### 1. Notice to WACEL

WACEL first objects to the characterization of Bailey's first claim as one for denial of fair procedure. WACEL argues that, because this claim was styled as a breach of fiduciary duty, and not a denial of fair procedure, WACEL had no opportunity to respond to this cause of action.

The record contradicts WACEL's position. In his previous report and recommendation as to Bailey's first amended complaint (Dkt. No. 32), the magistrate judge stated that Bailey brought a state law claim for violation of a common law right to fair procedure. (*Id.* at 5.) The factual allegations of Bailey's first amended complaint are included verbatim and in their

4

entirety in Bailey's third amended complaint. Accordingly, WACEL was on notice that this claim would be interpreted as one for denial of fair procedure and was not denied an opportunity to address it.

### 2. Rule 12(b)(6) Standard

To survive a motion to dismiss for failure to state a claim, neither "a formulaic recitation of the elements of a cause of action," nor "naked assertions devoid of further factual enhancements" will suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal alterations, quotation marks, and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

WACEL argues that Bailey fails to state a claim for denial of fair procedure under either Maryland or Virginia law. Because Bailey worked in Virginia and WACEL is incorporated in Maryland, there is some question as to which state's law applies here. Bailey asserts that Maryland law clearly applies in this case and urges its application. Because the court agrees with the report that Bailey states a claim for denial of fair procedure under either state's law, it need not determine which law applies at this stage. *See World Fuel Servs. Trading v. Hebei Prince Shipping Co.*, 783 F.3d 507, 514-15 (4th Cir. 2015) ("If the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them.") (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 838 n. 20 (1985) (Stevens, J., concurring in part and dissenting in part)).

### 3. Maryland

Generally, Maryland courts "will not intervene in the internal affairs of a voluntary membership organization," *NAACP v. Golding*, 679 A.2d 554, 558 (Md. 1996), and will defer instead to the organization's bylaws and internal adjudicatory procedures. *See Chisholm v. Hyattstown Volunteer Fire Dept., Inc.*, 691 A.2d 776, 784–85 (Md. Ct. Spec. App. 1997); *Most Worshipful United Grand Lodge of F. & A. M. v. Lee*, 96 A. 872, 874–75 (Md. 1916). This rule is not absolute, however, and Maryland law recognizes certain situations in which judicial intervention is appropriate. For example, where a member has an economic interest in a private organization—*i.e.*, where membership in the association is required by law or is a practical economic necessity—courts may intervene to compel membership. *See Grempler v. Multiple Listing Bureau*, 266 A.2d 1, 6 (Md. 1970); *see also Golding*, 679 A.2d at 562 (noting that "increased judicial oversight" is appropriate in such cases).

When reviewing the decisions of a voluntary membership organization in which no economic interest is at stake, Maryland courts apply the business judgment rule, and intervene only in cases of "fraud, arbitrary action, bad faith, or other wrongful conduct." *Golding*, 679 A.2d at 562, 559; *accord Tackney v. U.S. Naval Acad. Alumni Ass'n*, 971 A.2d 309, 318–19 (Md. 2008) (applying the business judgment rule to an alumni association). Under the business judgment rule, courts may review a voluntary membership organization's adjudicatory procedures to guarantee that members receive "at least rudimentary procedural protections, such as notice and an opportunity to be heard, before they [are] expelled or deprived of other important membership rights." *Tackney*, 971 A.2d at 317 (quoting *Golding*, 679 A.2d at 561–62).

Though the heightened oversight applicable where economic interests are at stake may be appropriate here,[3] Bailey states a plausible claim even under the narrower standard of the business judgment rule. Bailey was not informed of the specific charges against him, or even that he was in danger of losing his WACEL certifications, before WACEL's Board of Directors voted to revoke them. Indeed, Bailey was not aware that his certifications had been revoked until he was told by an employee of another engineering firm, and contacted WACEL's Executive Director Thomas Cohn to confirm, two months after the fact. It was only at that point that Bailey was told he could "respond to the WACEL Board of Directors" if he believed the Board had made a mistake. (Compl. Ex. 1, Dkt. No. 2-1, at 2.) Bailey was never given an opportunity of any kind to explain his version of events prior to the Board's vote. The court agrees with the magistrate judge that Bailey's allegations state a claim that these procedures were inadequate under Maryland law.

WACEL objects to this conclusion, arguing that because WACEL complied with its bylaws and rules of ethics, its actions were not fraudulent or arbitrary and thus do not give rise to a cause of action. The court disagrees. Though courts defer to a private membership organization's internal discipline procedures where those procedures are fundamentally fair, *see Chisholm*, 691 A.2d at 784-85, an organization may not avoid its obligation to provide fair procedures by simply omitting them from its bylaws. *See, e.g.*, *Golding*, 679 A.2d at 561–62 (noting that judicial intervention may be appropriate if an organization provides inadequate adjudicatory procedure). Because Bailey has alleged that WACEL deprived him of the rudimentary procedure Maryland law requires, whether it did so in compliance with its bylaws is irrelevant.

---

[3] Bailey alleges that he is required to have WACEL certifications to work as an engineering technician. (Dkt. No. 45, at 7); *see Grempler*, 266 A.2d at 6 (noting that "when denial of admission unfairly prevents one from following his trade, judicial compulsion may be appropriate").

7

WACEL also argues that because Bailey was offered a right to appeal, his claim for denial of fair procedure must fail. For this proposition, WACEL relies on *Tackney*'s statement that judicial intervention is appropriate "[i]f the organization's adjudicatory procedure does not afford the member [rudimentary procedural protections such as notice and an opportunity to be heard], or if the organization provides no avenue for internal review or appeal," 971 A.2d at 317 (quoting *Golding*, 679 A.2d at 561–62)). WACEL argues, based on this language, that the court may intervene only where an individual is deprived of a pre-termination hearing *and* a right to appeal. This interpretation is incorrect. *Tackney*'s language, worded in the disjunctive, indicates that judicial intervention may be appropriate where either is withheld. *See, e.g., Hoile v. State*, 948 A.2d 30, 41 (Md. 2008) ("The word 'or' is a disjunctive conjunction which serves to establish a relationship of contrast or opposition.") (quoting *Walker v. Lindsey*, 500 A.2d 1061, 1064 (Md. Ct. Spec. App. 1985)).

Perhaps WACEL is instead making the related argument that Bailey failed to exhaust his administrative remedies. Maryland law generally requires a member of a private organization to exhaust administrative remedies prior to judicial review, unless "internal remedies are clearly inadequate or . . . internal appeal would prove futile." *Golding*, 579 A.2d at 562. On the facts alleged, though, the court cannot conclude that Bailey failed to exhaust his administrative remedies. In his letter confirming that Bailey's certifications had been terminated, Cohn stated: "If you believe this action has been taken in error, please respond to the WACEL Board of Directors." (Dkt. No. 2-1, at 2). Bailey did, in fact, respond to the Board of Directors—he sent it a letter on September 21, 2014, describing his frustration with WACEL's handling of his termination and explaining the apparent fraud. (*See id*. at 3–5.) What else Bailey was required to do in order to exhaust his administrative remedies is unclear at this stage.

8

Nor is it clear that WACEL gave Bailey a meaningful opportunity to appeal. *See Golding*, 579 A.2d at 562. Cohn's letter informed Bailey that the Board voted to terminate his certifications two months earlier, on May 22, 2014. (Dkt. No. 2-1, at 2; Dkt. No. 45, at 3.) Bailey believed that the applicable timeline to appeal the Board's determination had elapsed, and that therefore his appeal would be denied. (Dkt. No. 45, at 3.) Neither Cohn's letter nor WACEL's bylaws established a timeline for individual appeals, and the court cannot conclude at this stage that Bailey was incorrect. Read in a light most favorable to Bailey, *see, e.g., Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005), Bailey's third amended complaint establishes that his appeal would have proved futile, and therefore Bailey was not required to pursue it. *See Golding*, 579 A.2d at 562; *see also United States v. El Shami*, 434 F.3d 659, 663–64 (4th Cir. 2005) (finding that plaintiff who received deportation order after time for seeking review had expired did not fail to exhaust administrative remedies by failing to appeal). The court therefore agrees with the magistrate judge that Bailey has stated a viable claim for denial of fair procedure under Maryland law.

### 4. Virginia

Like Maryland, "Virginia law specifies that a court's review of a corporation's actions with respect to its membership is limited, [but] contemplates that such a review may sometimes be warranted." *Gibson v. Boy Scouts of Am.*, 359 F. Supp. 2d 462, 467 (E.D.Va. 2005), *aff'd*, 163 F. App'x 206 (4th Cir. 2006); *see Gottleib*, 102 S.E.2d at 352 (reviewing the expulsion of a member of a corporation). Virginia law recognizes a duty of fairness for private associations which can, "by excluding an entity from membership or by refusing to recognize or certify an entity, deny a virtual pre-requisite to the practice of a profession or the operation of a business." *Nat'l Found. for Cancer Research v. Council of Better Bus. Bureaus*, 705 F.2d 98, 100 (4th Cir.

9

1983). Where no such interest is at stake, courts may intervene to ensure that the procedures followed are "fair and reasonable, and made for justice rather than form." *Gottleib*, 102 S.E.2d at 353. In so doing, a court "may inquire whether the member was given reasonable notice of the hearing of the charge against him, whether he was afforded an opportunity to be heard, and whether the hearing and expulsion were in good faith." *Gibson*, 359 F. Supp. 2d at 466 (quoting *Gottleib*, 102 S.E.2d at 352).

Bailey's allegations that WACEL terminated his certifications without notice of the charges against him or an opportunity to be heard state a claim under Virginia law. *See Gibson*, 359 F. Supp. 2d at 466–67 (granting summary judgment in favor of scoutmaster who was not notified prior to revocation that his membership was under review, and not informed of specific charges against him for subsequent appeals);[4] *cf. Gottleib*, 102 S.E.2d at 352 (concluding that member expelled from grocers' organization after written notice of the charges against him and an evidentiary hearing received fair procedure). This is particularly so in light of Bailey's allegation that he needs WACEL certifications to work as an engineering technician. *Cf. Nat'l Found.*, 705 F.2d at 100 (reasoning that the Council of Better Business Bureaus owed no duty of fairness because it "neither licenses, nor certifies, nor confers membership upon the charities it evaluates"). Accordingly, Bailey has stated a viable claim for denial of fair procedure under Virginia law.

---

[4] WACEL attempts to distinguish *Gibson* on the grounds that the plaintiff in that case never learned of the specific charges against him in order to pursue his appeal. Like Bailey alleges, Gibson received no pre-termination hearing, and was not aware that his membership was under review until he learned that it had been revoked. *Id.* at 467. If the *Gibson* court's conclusion turned only on the defective notice of charges for Gibson's appeal, its discussion of the lack of pre-revocation hearing would be rendered superfluous. *See id.* In any event, the court has already held that Bailey has plausibly alleged that he did not have a meaningful opportunity to appeal. Thus, *Gibson* is not distinguishable on this basis.

10

## III. CONCLUSION

For the foregoing reasons, the report will be adopted in full. The court will grant WACEL's motion in part and will dismiss Bailey's defamation claims pursuant to Rule 12(b)(6) and strike his federal claims under Rule 12(f). The court will deny the motion to dismiss as to Bailey's state law claim for denial of his common law right to fair procedure.

An appropriate order will be entered.

Entered: September 21, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge